**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LML PATENT CORP.,**

    **Plaintiff,**

v.   Case No. 6:05-mc-79-KRS

**TELECHECK SERVICES, INC.,**
**ELECTRONIC CLEARING HOUSE,**
**INC., XPRESSCHEX, INC., and NOVA**
**INFORMATION SYSTEMS, INC.,**

    **Defendants.**

## ORDER

This cause came on for consideration after oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA (Doc. No. 1)
>
> **FILED:** June 24, 2005
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

I held a hearing on the present motion on June 28, 2005. The dispute underlying this motion is non-party movant Robert R. Hills' refusal to appear for a deposition scheduled for June 27-29, 2005. Doc. No. 1. In the motion, counsel for Hills argued that the subpoena was not valid because it was issued from this Court to require Hills to appear for a deposition in Key West,

Florida, which is in the Southern District of Florida. Counsel for Hills did not reveal to the Court, until after the response to the motion was filed, that the deposition was rescheduled from Jacksonville, Florida, which is in the Middle District of Florida, to Key West in order to accommodate his client. Because the subpoena was issued in the manner requested by Hills, the motion to quash is **DENIED.**

However, because I may not require Hills to submit to a deposition in Key West, the motion for a protective order is **GRANTED** only to the extent that Hills will not be compelled to sit for the deposition in the Southern District of Florida. Rather, it is **ORDERED** that Hills shall appear for the deposition in the Middle District of Florida, at a place and time agreed to by the parties, counsel and the deponent. For the reasons stated in the response to the motion, I find that an extended length of time for the deposition is necessary for a fair examination of the deponent. Therefore, the deposition may take no more than three days of seven hours each. If the parties cannot agree on the dates and times for the deposition, they shall promptly contact my courtroom deputy clerk to schedule a telephone hearing at which I will establish the dates and times of the deposition.

Counsel for the respondents also seek an award of sanctions. Upon further reflection after the hearing, it appears that a finding of contempt must be made to support sanctions against a nonparty under Federal Rule of Civil Procedure 45. Therefore, the oral order granting, in part, the request for sanctions is withdrawn. Counsel may file a motion for an award of sanctions, supported by case law and evidence, within thirty days from the date of this Order if

they wish to pursue the issue of an award of sanctions for Hills' failure to appear at the deposition in Key West, Florida.

**DONE** and **ORDERED** in Orlando, Florida on June 29, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties